**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **AARON MOORE** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | **Civil Action No. _____** |
| | § | |
| **HARRIS COUNTY** | § | |
| | § | |
| *Defendant*. | § | JURY DEMANDED |
| | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE COURT:

Plaintiff Aaron Moore (hereinafter "Moore" or "Plaintiff") complains of Defendant Harris County (hereinafter "Harris County" or "Defendant") and for cause of action would show the Court as follows:

## I.  INTRODUCTION

1. Plaintiff demands a jury trial in this case as to any and all issues triable to a jury.

2. Plaintiff files this action against Defendant for discriminating and retaliating against him in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq. (hereinafter "Title VII").

## II.  PARTIES

3. Plaintiff Aaron Moore is an individual who resides in Baltimore County, Maryland and was employed by Defendant.

1

4.      Defendant Harris County is a governmental entity. Defendant may be served with process by serving the County Judge Lina Hildago, located at 1001 Preston Street, Suite 911, Houston, Texas 77002, or wherever Defendant may be found.

### III.      JURISDICTION & VENUE

5.      This Court has federal question jurisdiction over this action under 28 U.S.C. §1331 as this case is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e-2).

6.      Venue in this action is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

### IV.      CONDITIONS PRECEDENT OCCURRED

7.      Plaintiff has exhausted his remedies and has received a right to sue letter from the United States Equal Employment Opportunity Commission ("EEOC").

### V.      FACTS

8.      Plaintiff began working for Harris County on or around February 13, 2023, as Harris County Precinct 4's Chief Financial and Operating Officer.

9.      Expecting a long career with Harris County, Moore moved from Baltimore, Maryland, leaving behind a position as Baltimore City Department of City Works' Chief Financial Officer.

10.     From the beginning of his employment with Defendant, Plaintiff was marginalized and not given the authority to perform his leadership role with the same support as similarly situated employees who are not African American.

11.     Plaintiff was one of only two African American employees in the administrative apparatus of the precinct. The Senior Director of Finance Paulina Diaz Aguirre (hereinafter "Diaz") regularly challenged Plaintiff in front of other employees and disregarded any direction he gave her. Moore counseled Diaz to address performance issues within her team and discipline them as necessary as their manager, but she would not do so.

12.     Diaz also hired several employees without Plaintiff's full participation, which was atypical, as Chiefs generally are aware of and participate in the hiring process of employees within their division.

13.     Plaintiff was excluded from communications between other Chiefs and employees working within his division against Precinct policy. Moore brought this up in a meeting with the other Chiefs on or around July 20, 2023,

14.     That same month, July 2023, Moore was also instructed that he needed to bring specific (non-Black) staff members with him into his one-on-one meetings with the Commissioner of Precinct 4, Lesley Briones. Before these meetings with Briones, Moore began preparing the staff member he was instructed to bring on what needed to be said because he realized Briones only took his ideas seriously when they were repeated by someone outside of his protected class.

15.     Despite several attempts to counsel Diaz, she continued to undermine Moore's authority and refused to cooperate with him. In an effort to improve this issue, Moore met with the Deputy Chief of Staff Jamaal Smith and the Chief Talent Officer Blake Ellis on or about August 4, 2023, to discuss Diaz's discriminatory behavior.  In the meeting, Moore described his efforts at improving his relationship with Diaz, such as taking her out to lunch to learn more about her and sharing a resource with her about his personality and management style. Ellis informed Moore that Diaz had a "different account," and that they had a "broken relationship." Moore reiterated that he

3

was committed to repairing their relationship; Ellis and Smith stated that they would help Moore in this endeavor, but took no steps to do so.

16.     On or about August 16, 23, and 30, 2023, Moore met one-on-one meetings with Diaz in an attempt to improve their working relationship. However, the issues persisted.

17.     Moore brought up Diaz's discriminatory behavior again on or around August 14, 2023, in a meeting with the Chief of Staff Alice Lee, who promised to support Moore but did nothing to follow through with this promise.

18.     Then, on or about August 29, 2023, Moore was demoted to the position of Chief Operating Officer, eliminating his dual role and leadership over finance.

19.     Despite Moore's attempts to build a collegial working relationship with Diaz, and despite the fact that he was given no support in this endeavor, Defendant demoted Plaintiff, claiming that he had not been collaborative and was not embracing the precinct's "culture."

20.     Moore protested the demotion and asked for specificity as to how his performance was lacking, but the decision was already made.

21.     Harris County's mistreatment of Moore was not limited to its failure to support him in his role and the demotion, but rather extended to all aspects of his employment. While Moore's subordinate, Diaz, was hired without his consent or participation, Moore faced resistance when trying to fill necessary positions,

22.     For example, on or around September 6, 2023, Moore asked to hire a specific IT Director and rather than hiring this director, Ellis had the Commissioner interview the two candidates and make the decision, which was atypical, as Chiefs are usually aware of and participate in the hiring process of employees in their department.

23. Other business decisions that Plaintiff should have been involved in were also made by his white subordinates who looped him in after the fact as well. For example, on or about August 24, 2023, Moore requested to review an important Memorandum of Understanding ("MOU"), but did not receive the document until August 30, at which point he saw that it was addressed to his white subordinate.

24. On or around October 6, 2023, Lee emailed Moore and Smith, asking them to have a lunch meeting. At the end of that lunch, Lee requested that Moore meet with Ellis before leaving for the day. Around 3:30 PM that same day, Moore was invited into a conference room where Ellis and Smith terminated Plaintiff's employment, effective October 20, 2023.

25. Contrary to precinct policy and practice, Moore was not given the benefit of progressive discipline before being terminated. This is yet another way in which he was treated unfavorably in comparison to his white colleagues. For example, around the same time, the Chief Communications Officer Leah Shah, who is white, was given progressive discipline.

26. When asked, Defendant did not provide any reason for Plaintiff's termination.

27. Moore faced discrimination on the basis of his race and was terminated not long after complaining of the discrimination.

## VI.   CAUSES OF ACTION

### A.  Title VII – Racial Discrimination

28. Plaintiff realleges and incorporates herein by reference the preceding paragraphs as if fully set forth herein.

29. Plaintiff, as an African American, is part of a protected racial class. Plaintiff was qualified for his position as Harris County Precinct 4's Chief Financial and Operating Officer. Plaintiff experienced adverse employment actions when he was not given the authority necessary

5

to carry out his duties, when he was demoted, and when his employment was ultimately terminated without legitimate cause. Finally, similarly situated employees outside of Plaintiff's protected class were treated more favorably in that other employees at his level were given the proper authority to perform their roles and did not face demotion or termination without legitimate cause.

30.    As a result of Defendant's discrimination, Plaintiff suffered damages. Thus, Plaintiff is entitled to all legal and equitable remedies available for Defendant's violation of Title VII, including (but not limited to) compensatory damages, attorneys' fees, and costs.

31.    As a result of Defendant's conduct alleged in this Complaint, Plaintiff has suffered and continues to suffer harm, including (but not limited to) lost earnings, lost benefits, and/or other financial loss (plus interest).

## B.  Title VII – Retaliation

32.    Plaintiff realleges and incorporates herein by reference the preceding paragraphs as if fully set forth herein.

33.    Plaintiff engaged in a protected activity when he complained to Defendant about the racial discrimination that he was being forced to endure.

34.    After Plaintiff's complaints were made, an adverse action occurred. Specifically, Defendant retaliated against him with respect to compensation, terms, conditions, and/or privileges of Plaintiff's employment. A reasonable employee would have found Defendant's challenged actions materially adverse. There is a causal connection between Plaintiff's protected activity and the adverse employment action.

35.    Defendant's purported reasons for its retaliatory conduct are merely pretext for the discrimination complaints. Defendant knew about the employee's protected activity.

36.    For the foregoing reasons, Defendant retaliated against Plaintiff, in violation of Title VII.

37.    As a result of Defendant's retaliation, Plaintiff suffered damages. Thus, Plaintiff is entitled to all legal and equitable remedies available for Defendant's violation of Title VII, including (but not limited to) compensatory damages, attorneys' fees, and costs.

38.    As a result of Defendant's conduct alleged in this Complaint, Plaintiff has suffered and continues to suffer harm, including (but not limited to) lost earnings, lost benefits, and/or other financial loss (plus interest).

39.    As a further result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer emotional distress and/or mental anguish.

## VII.    DAMAGES

40.    As a direct and proximate result of the aforementioned acts, Plaintiff has suffered loss of wages, both in the past, present, and future, as well as compensatory damages, including but not limited to emotional distress.

## VIII.    ATTORNEYS' FEES

41.    Defendant's action and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff retaining the services of Rosenberg & Associates, 3518 Travis Street, suite 200, Houston, Texas 77002 in initiating this proceeding.  Plaintiff seeks recovery of reasonable and necessary attorney's fees.  An award of reasonable and necessary attorney's fees to Plaintiff would be equitable and just and therefore authorized by Section 37.009 of the Civil Practice and Remedies Code.

## IX.    JURY DEMAND

42.    Plaintiff hereby restates his request for a jury trial in this cause.

## X.    **PRAYER**

WHEREFORE, Plaintiff respectfully requests that Defendant be cited to appear and answer herein, and then on final hearing, Plaintiff have judgment as follows:

    a.  Judgment against Defendant, for actual damages sustained by Plaintiff as alleged herein;

    b.  Judgment against Defendant, for back pay lost by Plaintiff as alleged herein;

    c.  Judgment against Defendant, for front pay by Plaintiff as alleged herein;

    d.  Grant Plaintiff general damages for the damage to Plaintiff's reputation;

    e.  Pre-judgment interest at the highest legal rate;

    f.  Post-judgment interest at the highest legal rate until paid;

    g.  Compensatory damages;

    h.  Attorney's fees;

    i.  All costs of court expended herein;

    j.  Such other and further relief, at law or in equity, general or special to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**_/s/ Gregg M. Rosenberg_** __
Gregg M. Rosenberg
USDC SD/TX No.: 7325
Texas State Bar ID: 17268750
Rosenberg & Associates
3518 Travis Street, Suite 200
Houston, Texas 77002
Telephone No.: (713) 960-8300
Facsimile No.: (713) 621-6670
E-Mail: gregg@rosenberglaw.com
Attorney for Plaintiff